# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**FREDERICK DENELL GRIM**                                  **PETITIONER**

**V.**                                               **NO. 3:14-CV-00134-DMB-DAS**

**CHRISTOPHER EPPS, et al.**                                  **RESPONDENTS**

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge David A. Sanders. Doc. #9. For the reasons stated herein, Respondents' objections to the Report and Recommendation will be overruled, the Report and Recommendation adopted, and the petition for writ of habeas corpus granted.

## Objections

Respondents object to Judge Sanders' recommendation that the petition for writ of habeas corpus be granted on two bases.

First, Respondents argue that contrary to Judge Sanders' findings, *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011), did not "clearly establish[] federal law as to the amount of involvement required of the testifying witness." Doc. #10 at 1. In support of this argument, Respondents cite three circuit court cases. *See* Doc. #10 at 2–3 (citing *United States v. Johnson*, 558 Fed. App'x 450 (5th Cir. 2014); *Flournoy v. Small*, 681 F.3d 1000 (9th Cir. 2012); *United States v. James*, 712 F.3d 79, 102 (2d Cir. 2013)). These factually distinguishable cases[1] are not

---

[1] *See Johnson*, 558 Fed. App'x at 453 (involving analyst who "**who supervised** and worked in the same lab as the analyst who did the actual testing") (emphasis added); *Flournoy*, 681 F.3d at 1004 (involving testimony of one of several lab analysts who "**participated personally in the work that was done**" but did "not perform[] the [entirety of the] crime lab's analysis by herself") (emphasis added); *James*, 712 F.3d at 88 (finding that relevant reports were "not testimonial … and therefore [did] not implicate the confrontation clause."); *but see* Doc. #9 at 3, 12 (finding the confrontation clause applicable and technical reviewer "**had no involvement** in the testing of the substance and … **was not present** when [the substance was tested].") (emphasis added).

persuasive. As fully explained in the Report and Recommendation, the Court's determination of what is "clearly established Federal law" does not turn on the decisions of the circuit courts; rather, the inquiry begins and ends with the holdings of the United States Supreme Court.[2] *See Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) ("'[C]learly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."). The United States Supreme Court's holding in *Bullcoming*, as recognized in the Report and Recommendation, "clearly establishes that the criminal defendant has a right to confront the analyst who performed the underlying analyses." Doc. #9 at 16 (citation omitted).

Next, citing *Williams v. Illinois*, 132. S.Ct. 2221, 2228 (2012), Respondents argue that "had Frazure simply testified as an expert witness that, based on his review of the report and case file, the substance in question was cocaine, the Confrontation Clause would not have been triggered." Doc. #10 at 5 (footnote omitted). Respondents contend that the admission of the testimonial forensic laboratory report was "harmless error;" therefore, because the prosecution could have "chosen not to introduce the report, and simply presented Frazure's testimony, the jury still would have heard testimony that, based on scientific tests, the substance was indeed cocaine."[3] *Id*.

---

[2] Judge Sanders' observed that "the court may only consider the holdings, as opposed to the dicta, of the [United States] Supreme Court as of the time the state court decision was rendered." Doc. #9, at 12-13.

[3] This argument is substantially similar to a factual scenario described in *Williams v. Illinois*: "In the hypothetical situations posited, an expert expresses an opinion based on factual premises not supported by any admissible evidence, and may also reveal the out-of-court statements on which the expert relied." 132. S.Ct. at 2241. The *Williams* court clearly explained that its holding does "not open the door for th[is] kind of abuse[]." *Id*. Here, like the hypothetical posited in *Williams*, the testifying lab technician's entire testimony is predicated on his review of the inadmissible forensic lab report, and Respondents seek to utilize his testimony to establish the truth of the matters asserted in the lab report. Such a scenario is the "kind of abuse[]" *Williams* cautioned against.

Moreover, even if Mississippi law did not require the admission of the forensic lab report, the expert testimony in this case would still be insufficient to support the conviction. The testifying lab technician's testimony, at most, could establish only that *a substance* his lab tested is cocaine. This is so because in this case, the purported expert "had no involvement in the testing of the substance and … was not present when [the substance was tested]." Doc.

Judge Sanders correctly disposed of this argument, finding that:

> Mississippi law requires not that the composition of a substance be proven by sufficient or even overwhelming evidence, but that it be proven in a particular manner: through a chemical analysis of the substance. The result of the chemical analyses, which was contained in the forensic lab report, was submitted to the jury in violation of the Sixth Amendment's Confrontation Clause. None of the other evidence submitted at trial to establish that the substance petitioner sold was cocaine meets the mandate of *Barnette*. Therefore, the trial court's erroneous admission of the forensic lab report had a "substantial and injurious effect in determining the jury's verdict;" without it, the state could not have established an essential element of the crime charged, selling a controlled substance in violation of Miss. Code Ann. § 41-29-139.

Doc. #9 at 22. Respondents' argument does nothing to undermine Judge Sanders' well-reasoned findings.

Both of Respondents' objections are thoroughly and thoughtfully addressed in the Report and Recommendation, which this Court has given close consideration. In that regard, the Court concurs in full with Judge Sanders' analyses and ultimate conclusions. Accordingly, Respondents' objections are overruled.

## **Conclusion**

The Court has carefully considered the Report and Recommendation; Respondents' objections, Doc. #10; and Petitioner's response to Respondents' objections, Doc. #11. After a de novo review:

1. Respondents' objections are **OVERRULED**;

2. The Report and Recommendation is **AFFIRMED**, **APPROVED** and **ADOPTED** as the opinion of the Court, *see* 28 U.S.C. § 636(b)(1); and

---

#9 at 3. In other words, he simply could not establish that the substance his lab tested, cocaine or otherwise, is the same substance that was purportedly sold by Petitioner. "[I]f the prosecution cannot muster any independent admissible evidence to prove the foundational facts that are essential to the relevance of the expert's testimony, then the expert's testimony cannot be given any weight by the trier of fact." *Williams*, 132. S.Ct. at 2241 (footnote omitted).

3. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **GRANTED**. The State shall have 120 days from the date of this order to commence a new prosecution and/or trial of Petitioner. If such prosecution is not commenced within 120 days, Petitioner shall be released.

A separate judgment consistent with the rulings in this order will be entered accordingly.

**SO ORDERED**, this 8th day of October, 2015.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**