IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**FREDERICK DENELL GRIM**                                                      **PETITIONER**

**V.**                                                        **NO. 3:14-CV-00134-DMB-DAS**

**CHRISTOPHER EPPS, et al.**                                                **RESPONDENTS**


**ORDER**

Before the Court is Respondents' motion to stay execution of the Court's judgment granting habeas corpus relief to Frederick Denell Grim under 28 U.S.C. § 2254. Doc. #15.

**I**

Rule 23(c) of the Federal Rules of Appellate Procedure creates a presumption that a successful habeas petitioner should be released from custody, but also permits a district court to stay its judgment. This court has broad discretion to grant or deny a stay. *See Hilton v. Braunskill*, 481 U.S. 770, 774–75 (1987).

In addition to the language of Rule 23, the decision whether to grant a stay is also guided by the general rules governing civil stays, specifically, Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8, regulated by the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton*, 481 U.S. at 776 (citations omitted). These four factors are supplemented by several considerations, including "the possibility of flight; the risk that a prisoner will pose a danger to

the public if released, if the State establishes such a risk;[1] and the state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal." *Burbank v. Cain*, No. CIV.A. 06-2121, 2007 WL 2809996, at *1 (E.D. La. Sept. 24, 2007) (citing *Hilton*, 481 U.S. at 777) (footnote added).

## A
## Likelihood of Success on the Merits

The likelihood of Respondents' success on the merits of their appeal depends on the argument that this Court wrongly decided to grant habeas relief. Although this Court disagrees with the proposition that the petition was wrongly decided, it nonetheless acknowledges the possibility that the Fifth Circuit could find differently on the issue of whether the Confrontation Clause was violated in this case.

In *Hilton*, the Supreme Court observed:

> Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release.

*Id*. at 778 (citations omitted). While Respondents' likelihood of success is questionable, Respondents arguably have "a substantial case on the merits." This factor therefore weighs slightly in favor of granting the stay.

## B
## Irreparable Injury to Respondents

Regarding irreparable injury, Respondents, without elaboration or argument, first contend:

---

[1] Respondents have not argued or presented any evidence indicating that Grim will pose a danger to the public if he is ultimately released. Accordingly, the Court need not consider this factor. *See Burbank*, 2007 WL 2809996, at *4 (citing *Hilton*, 481 U.S. at 777) ("But for the Court to consider the dangerousness to the public, the state must *establish* such a risk.").

2

> This Court's Order requires the State to commence a new prosecution of Grim within 120 days or release him from custody. However, the next available term of court in the Tunica County Circuit Court does not begin until the fourth Monday in March of 2016, which is beyond the 120 days provided for in this Court's order.

Doc. #15 at 4. This contention is factually flawed insofar as the Court's final judgment does not require that Grim be re-tried within 120 days. Rather, the final judgment provides in pertinent part:

> The State shall have 120 days from the date of this order *to commence a new prosecution* and/or trial of Petitioner. If *such prosecution is not commenced* within 120 days, Petitioner shall be released.

Doc. #13 (emphases added). In other words, Respondents need only initiate proceedings by which Grim will be provided a new trial within 120 days to prevent his release. Respondents have not provided any evidence or offered any argument concerning their inability or unwillingness to timely *commence* such proceedings. Consequently, the Court finds this argument unpersuasive.

> Respondents next argue that if they are required to commence a new prosecution pursuant to this Court's Order, and later obtain a favorable ruling from the Fifth Circuit in this case finding that Grim's conviction and sentence are constitutional and should be affirmed, the expense of a re-trial, both in terms of money and resources, would be premature and unnecessary.

Doc. #15 at 4. This argument is also unpersuasive. Respondents have not attempted to quantify the financial burden that a re-trial might impose. Rather, they offer nothing more than a conclusory allegation of expected financial burden; and "[a] conclusory allegation about burden with no estimate of its extent is insufficient to show irreparable injury." *Campbell v. Warden, London Corr. Inst.*, No. 1:14-CV-13, 2015 WL 422255, at *2 (S.D. Ohio Feb. 2, 2015); *see U.S. ex rel. Newman v. Rednour*, 917 F. Supp. 2d 765, 791 (N.D. Ill. 2012) (quoting *Crist v. Miller*,

846 F.2d 1143, 1144 (7th Cir. 1988)) ("The ordinary incidents of litigation—the time and other resources consumed—do not constitute irreparable harm."); *see also Conkright v. Frommert*, 556 U.S. 1401, 1403 (2009) (Ginsburg, J., in chambers) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974), for proposition that "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough"). Moreover, as succinctly explained by one district court, arguments concerning

> the effort and expense of another trial … can be made as a matter of course in any case where habeas corpus relief has been granted and the state is appealing, the only circumstance where a stay governed by *Hilton* would be requested, yet *Hilton* clearly recognized the presumption in favor of release in this circumstance.

*Burbank*, 2007 WL 2809996, at *3 (citing *Hilton*, 481 U.S. at 774). Like the *Burbank* court, this Court does not find that the "conclusory, matter-of-course argument[]" presented here "weigh[s] in favor of the state in this case." *Id*; *see Jones v. Jones*, No. CIV.A. 96-2448, 1998 WL 175895, at *1 (E.D. La. Apr. 13, 1998) (noting weakness of "argument [that] can be made as a matter of course in cases where habeas corpus relief has been granted"); *see also Duran v. Cate*, No. 08CV430-WQH-RBB, 2011 WL 1584894, at *2 (S.D. Cal. Apr. 27, 2011) (considering similar argument and finding irreparable injury factor "does not weigh strongly in favor of" stay).

Lastly, Respondents argue they will be irreparably injured "if Grim is released from custody pursuant to this Court's order, and the Fifth Circuit finds that habeas relief was improperly granted" because "it may prove difficult to locate petitioner in order to return him to custody to serve out a constitutionally imposed sentence."[2] Doc. #15 at 4. The risk of flight is an appropriate consideration in determining whether a stay of judgment should be granted. *Hilton*, 481 U.S. at 777. However, Respondents have provided no evidence suggesting that Grim

---

[2] It is unclear whether Respondents have abandoned this argument. In their reply, Respondents argue that "[t]he question of whether Grim represents a flight risk is not a factor in the determination of whether a stay of this Court's judgment is warranted." Doc. #17 at 4 n.4.

is likely to flee if he is ultimately released. The Court finds Respondents' conclusory risk-of-flight argument unconvincing. *See Cowans v. Marshall*, No. CV 05-6276-RSWL OP, 2009 WL 4929406, at *5 (C.D. Cal. Dec. 10, 2009) (rejecting risk of flight argument because Respondent provided "no evidence, let alone credible evidence, that Petitioner … is a significant flight risk if released") (citation omitted); *Franklin v. Duncan*, 891 F. Supp. 516, 521 (N.D. Cal. 1995) (rejecting State's argument that release of successful habeas petitioner from custody pending appeal would pose risk of flight, where State "presented no evidence that [the petitioner] poses a particularized flight risk"); *Burbank*, 2007 WL 2809996, at *4 ("The state has offered nothing beyond its conclusory statements that would show defendant poses a risk to the public or witnesses.").

In sum, the Court finds that enforcement of the judgment will not result in irreparable injury to Respondents.

## C
### Substantial Injury to Grim

Respondents, in a conclusory manner, contend that "no substantial harm to other persons will accrue by the granting of a stay." Doc. #15 at 4–5. This argument simply ignores the Supreme Court's clear pronouncement that "the interest of a habeas prisoner in release pending appeal is 'always substantial.'" *Jones v. Cain*, No. CIVA 06-939, 2009 WL 1565946, at *2 (E.D. La. May 29, 2009) (citing *Hilton*, 481 U.S. at 778). As Respondents have presented no evidence or argument to rebut this presumption, the Court finds that Grim faces significant harm if a stay is granted.[3]

---

[3] "The Fifth Circuit has found it unnecessary to consider the third factor in cases such as this, 'since it comes into play only when there has been a showing by the movants of probable success and irreparable injury.'" *Wansley v. Mississippi Dep't of Corr.*, No. 4:10-CV-00149, 2013 WL 3168261, at *2 (S.D. Miss. June 20, 2013) (quoting *Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 686 (5th Cir .1968)). The Court nonetheless addresses this factor to highlight the deficiency in Respondents' motion.

# D
## Public Interest

Respondents argue that "the granting of the stay will serve the public interest" because "it is in the best interest of the public to require constitutional convictions handed down by juries in this State to be fully carried out." Doc. #15 at 4. This argument is predicated on "the Fifth Circuit find[ing] on appeal that Grim's conviction and sentence are indeed constitutional." *Id* at 4–5. At this time, however, the Court has found Grim's conviction constitutionally infirm. This fact weighs against granting the stay because "[t]he public has a *significant interest* in ensuring that individuals are not imprisoned in violation of the Constitution." *U.S. ex rel. Newman*, 917 F. Supp. 2d at 789 (emphasis added); *see Burbank*, 2007 WL 2809996, at *4 ("The public has a *significant interest* in the release of a petitioner a court has found to be incarcerated because of significant failures in a state's criminal justice system.") (emphasis added).

The public also has an "interest in continuing custody and rehabilitation pending a final determination of the case on appeal," which is at its "strongest where the remaining portion of the sentence to be served is long." *Hilton*, 481 U.S. at 777. Because Grim was sentenced to life imprisonment, the public's interest in continuing custody and rehabilitation tips in favor of a stay.

Balancing these two strong public interests, the Court finds that the public's interest in continuing custody and rehabilitation is outweighed by the public's interest in ensuring that individuals are not imprisoned in violation of the Constitution. *See Douglas v. Singh*, No. C-11-5370 EMC, 2013 WL 2645175, at *5 (N.D. Cal. June 12, 2013) (explaining "interest in continuing custody and rehabilitation … is attenuated in light of the Court's conclusion that the murder conviction is unconstitutional") (internal citation omitted). Accordingly, the Court finds that the public interest in this case does not weigh in favor of keeping Grim imprisoned.

## II

In sum, the Court finds that the only factor in favor of Respondents and against the presumption of release is that Respondents arguably have a substantial case on the merits. With this and no more, Respondents have not sufficiently shown that the presumption favoring release is overcome in this case. *See Hilton*, 481 U.S. at 778 (explaining that "*preference for release should control*" where State demonstrates only substantial case on merits) (internal citations omitted and emphasis added); *see also Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981) (explaining stay based on substantial case on merits appropriate only "if the balance of equities (i.e. consideration of the other three factors) is ... *heavily tilted* in the movant's favor") (emphasis added).

## III

For the reasons above, Respondents' motion [15] to stay execution of the Court's judgment is **DENIED**.

**SO ORDERED**, this 10th day of November, 2015.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**